UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS DE LA CRUZ,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Civil Action No. 16-11858-MGM |

MEMORANDUM AND ORDER

September 22, 2016

MASTROIANNI, U.S.D.J.

    For the reasons set forth below, the court (1) allows plaintiff's motion for leave to proceed *in forma pauperis*; (2) assesses an initial partial filing fee; (3) denies without prejudice plaintiff's motion for appointment of counsel; and (4) orders the clerk to (a) issue summons for service of the complaint and the emergency motion for injunctive relief and (b) issue a date by which defendants shall submit an expedited response to plaintiff's emergency motion for injunctive relief.

## I. BACKGROUND

    On September 12, 2016, Luis De La Cruz ("De La Cruz"), a prisoner now incarcerated at FMC Devens, filed a motion for a preliminary injunction and/or a temporary restraining. (Dkt. No. 1, Pl. TRO). The TRO motion names as defendants the United States of America, Attorney General Loretta Lynch, Warden Jeffrey Grondolsky, and the Federal Bureau of Prisons ("BOP"). *Id.* De La Cruz seeks an order requiring the BOP immediately treat his throat infection and remove his tonsils. *Id.* The following documents are attached to the TRO motion: (1) 8/2/2016 informal resolution request; and (2) 8/29/2016

warden's response denying request for surgery to remove enlarged cryptic tonsils. *Id.* With his TRO motion, De La Cruz filed a motion for leave to proceed *in forma pauperis*. (Dkt. No. 2, Pl. IFP).

On September 13, 2016, De La Cruz filed his complaint naming as defendants the United States of America, Attorney General Loretta Lynch, Warden Jeffrey Grondolsky, and the BOP. (Dkt. No. 6, Pl. Compl.). He also filed a motion for counsel and authorization for deduction of the filing fee payments in installments. (Dkt. Nos. 7, 8).

## II. DISCUSSION

### A. Motion to Proceed In Forma Pauperis

Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Dkt. No. 2, Pl. IFP). To the IFP motion, De La Cruz attaches an affidavit and a copy of his prison account statement. *Id.*

Unlike other civil litigants, prisoner plaintiffs such as De La Cruz are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. The *in forma pauperis* statute requires the court to direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1)–(2). Even if the action is dismissed upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the filing fee, *see McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (stating § 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

Upon review of De La Cruz's financial disclosures, he will be permitted to proceed *in forma pauperis*. Nevertheless, because De La Cruz is a prisoner as defined by 28 U.S.C. § 1915(h), he is obligated to make payments toward the filing fee pursuant to 28 U.S.C. § 1915(b). Accordingly, he will be assessed an initial, partial filing fee of $5.81 to be followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1)–(2).

### B. Motion for Injunctive Relief

In ruling on a motion for a preliminary injunction or temporary restraining order, the court must consider: "(1) the movant's likelihood of success on the merits; (2) whether and to what extent the movant would suffer irreparable harm if the request were rejected; (3) the balance of hardships between the parties; and (4) any effects that the injunction or its denial would have on the public interest." *Diaz-Carrasquillo v. Garcia-Padilla,* 750 F.3d 7, 10 (1st Cir. 2014).

Plaintiff's emergency motion and the underlying claim for violation of his civil rights contains allegations of severe pain, inability to swallow without extreme pain, the spreading of white spots in his throat, and a recent suggestion by one medical provider that his condition could be cancer. (Dkt. No. 1, Pl. TRO).

The record must be developed further before the court can assess the merits of plaintiff's claims. Without the benefit of a response from the defendants, the court lacks sufficient information to support a finding that De La Cruz has shown a likelihood of success on the merits or shown the harm to the defendants would not outweigh the harm to him should injunctive relief be granted. For these reasons, the court declines to grant ex-parte relief at this time and will direct the clerk to schedule an expedited response from the defendants, which shall include medical records.

### C. Motion for Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *See id.* To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to

represent himself. *See id.* at 24. Because the defendants have not yet responded to the complaint and/or plaintiff's emergency motion, the court cannot yet determine whether this case presents exceptional circumstances that would justify the appointment of *pro bono* counsel. The motion is denied without prejudice to renewal after the defendants have been served with and responded to the complaint and/or emergency motion.

### III. CONCLUSION

For the reasons set forth above, it is hereby ORDERED that:

1. The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED. An initial partial filing fee of $5.81 is assessed with the remainder of the fee ($344.19) to be paid in accordance with 28 U.S.C. § 1915(b)(2) in monthly payments of 20% of the preceding month's income credited to De La Cruz's account each time the amount in the account exceeds $10.00 until the $350.00 filing fee is paid.

2. The plaintiff's motion for appointment of counsel (Dkt. No. 7) is DENIED without prejudice.

3. The Clerk shall issue summonses as to the United States of America, Attorney General Loretta Lynch, Warden Jeffrey Grondolsky, and the Federal Bureau of Prisons. The plaintiff shall have 90 days from the date of this Memorandum and Order to complete service.

4. Because the plaintiff is proceeding *in forma pauperis,* he may ask the United States Marshals Service to complete service, with all costs to be advanced by the United States. The United States Marshal shall serve a copy of the summons, complaint, the motion for temporary restraining order or preliminary injunction, and this Memorandum and Order upon the named defendants as directed by plaintiff with all costs of service to be advanced by the United States.

5. The Clerk shall issue a notice of expedited response to plaintiff's emergency motion and shall send copies of the notice, along with De La Cruz's TRO motion, complaint, and this Memorandum and Order to the BOP's legal counsel at FMC Devens and the Office of the United States Attorney for the District of Massachusetts, and shall telephonically and/or by e-mail, apprise them of this Memorandum and Order and the notice of expedited response requirements, including submission of medical records. Upon consolidation of the response, the court will consider granting a hearing or ruling based on the submissions.

6. The defendants are required to respond to the complaint and the emergency motion. *See* 42 U.S.C. § 1997e(g)(2). The defendant's response is required to be filed (7) seven days from notice being received.

It is So Ordered.

    /s/ Mark G. Mastroianni

MARK G. MASTROIANNI

United States District Judge